1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK G. ANDERSON,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION,<br><br>　　　　　Defendant. | Civil No. 08cv2306-L(JMA)<br><br>**ORDER GRANTING WITH PREJUDICE DEFENDANT'S MOTION TO DISMISS FOR LACK OF JUDISDICTION [doc. #10]** |

Defendant FDIC, as the Receiver for Washington Mutual Bank, FA, move to dismiss this action for lack of jurisdiction. The motion has been fully briefed and is considered on the papers submitted without oral argument pursuant to Civil Local Rule 7.1(d)(1).

**Procedural Background**

Defendant's motion is based on plaintiff's failure to exhaust the statutory claims procedure. Plaintiff argues, however, that he did file a timely claim with the FDIC or alternatively, the FDIC should be equitable estopped from asserting the jurisdictional bar.

Plaintiff filed his action against Washington Mutual in the Superior Court of the State of California for the County of San Diego. After the complaint was filed, Washington Mutual failed as a financial institution and was taken over by the federal government with the FDIC appointed as the Receiver. The FDIC removed the action to this Court.

When the FDIC is appointed as Receiver, 12 U.S.C. Section 1821(d)(13)(D) precludes jurisdiction of any court over

> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver, including assets which the [FDIC] may acquire from itself as such receiver; or
> (ii) any claim relating to any act or omission of such institution or the [FDIC] as receiver.

As result of this statute, Courts lack jurisdiction over a claimant's claim until the claimant exhausts the administrative claims process as stated in 12 U.S.C. Section 1821(d). *Henderson v. Bank of New England*, 986 F.2d 319, 320-21 (9th Cir. 1993). However, judicial review is available after the administrative process is completed, as provided in 12 U.S.C. Section 1821(d)(6)(a). *McCarthy v. F.D.I.C.*, 348 F.3d 1075, 1078 (9th Cir. 2003).

As required by 12 U.S.C. Section 1821(d)(3), the FDIC published notice regarding the filing of claims and set April 22, 2009 as the claims bar date. If a claim is not timely filed, it must be denied. 12 U.S.C. § 1821(d)(5)(C)(i). An untimely claim may be considered by the FDIC if the claimant shows he "did not receive notice of the appointment of the receiver in time to file such claim before [the claim bar date]; and [] such claim is filed in time to permit payment of such claim." *Id.* § 1821(d)(5)(C)(ii).

**Discussion**

As noted, if plaintiff failed to exhaust the mandatory administrative claims process, the Court lacks subject matter jurisdiction of plaintiff's claims. Plaintiff contends, however, that he timely filed an administrative claim sufficient to satisfy the Federal Tort Claims Act ("FTCA") requirements, the FDIC is bound by its counsel's representations, and the claims requirement is not applicable because the litigation was underway at the time of the appointment of the FDIC as Receiver.

**1.   Was the Claim Timely Submitted?**

Plaintiff contends that the FDIC's counsel made an affirmative promise to present plaintiff's claim to the FDIC. But plaintiff also states that he submitted a "claim following the format requested by the FDIC," but the claims bar date had already passed. (Opposition at 9.)

In his opposition, plaintiff relies on cases brought under the FTCA and not under the applicable statute, the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"). As the FDIC properly notes, FIRREA expressly states that claims not timely filed "shall be disallowed and such disallowance shall be final. " 12 U.S.C. § 1821(d)(5)(C)(i).

Because plaintiff acknowledges that the claims bar date passed when he ultimately submitted a claim to the FDIC, his claim was not timely submitted.

### 2. Estoppel to Establish Jurisdiction

Plaintiff contends that he relied to his detriment on the FDIC's attorney's assurances that he was presenting the claim to the FDIC for immediate settlement consideration. However, in a letter dated November 14, 2008 to plaintiff's counsel, the FDIC's counsel specifically set out the mandatory statutory claims procedure 46 days prior to the claims bar date. In other words, plaintiff's counsel was given actual written notice of the mandatory statutory procedure.

The November 14, 2008 letter specifically confirmed that the FDIC's counsel would "forward to my contact at the FDIC your request to expedite the evaluation of your client's claims and the scheduling of a settlement conference" but did not suggest that counsel for the FDIC would present plaintiff's claim to the FDIC. (*See* Declaration of Howard A. Kipnis.)

More importantly, the Ninth Circuit has held that the "doctrines of waiver and estoppel do not apply to subject matter jurisdiction determinations." *Intercontinental Travel Marketing, Inc. v. FDIC*, 45 F.3d 1278, 1286 (9th Cir. 1994). Accordingly, plaintiff cannot rest on estoppel for his failure to timely present his claim to the FDIC.

### 3. Claims Requirement When Litigation is Pending at the Time the Receiver is Appointed

Finally, plaintiff contends that when actions are brought for monetary damages prior to the appointment of a receiver, the Court continues to have subject matter jurisdiction over the case. Plaintiff argues that in order to require the plaintiff in a pre-receivership action, such as himself, to exhaust his administrative remedies before continuing the action, the Receiver must insist on the use of its administrative processes by staying the action and informing the plaintiff that it is doing so the administrative remedies may be exhausted and it must do so within the 90-

3

day period specified in the statute.

Ninth Circuit law does not support plaintiff's position. *Intercontinental Travel* expressly held that under FIRREA, a claimant who fails to file a timely administrative claim and exhaust his administrative remedies loses his right to commence or continue judicial proceeds regardless of whether judicial proceedings were commenced prior to or after the appointment of a receiver.

**4.    Conclusion**

Plaintiff was aware of the appointment of the FDIC's appointment as a receiver before the expiration of the statutory claims filing period. The statutory claims procedure was set forth in writing to plaintiff's counsel prior to the expiration of the statutory claims filing period. Because the exhaustion of administrative remedies is a jurisdictional requirement, under Ninth Circuit law, estoppel cannot provide refuge for plaintiff's failure to timely file an administrative claim. For all these reasons, **IT IS ORDERED** dismissing this action with prejudice.

**IT IS SO ORDERED.**

DATED: March 30, 2010

M. James Lorenz
United States District Court Judge

COPY TO:

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL COUNSEL/PARTIES

4